case number 251299. Good morning. Good morning, Your Honors. And may it please the Court. Jeffrey D'Antonio Pellin, Mark Klein. There is no dispute that Mr. Klein is neither a danger to the community nor a virus, satisfying the first two requirements for granting bail pending appeal. The sole question, then, is whether Mr. Klein's appeal raises a substantial question of law or fact likely to result in a reduced sentence and a term of imprisonment less than the expected duration of the appeal process. And we believe that it raises several. It raises substantial procedural and substantive questions with respect to the Court's decision to impose a higher sentence on Mr. Klein, the least culpable defendant, and the cooperator who provided substantial assistance to the government. One of those questions include whether this Court's sentence was substantively unreasonable and a failure to faithfully apply. What were the other sentences? The other sentences, Your Honor? Yes. Dr. Sayeh received 18 months. Dr. Chimisero received 24 months. And another individual, Calabro, received 42 months. Okay. And what did Mr. Klein receive? Yes. Mr. Klein received a 22-month sentence, Your Honor. And Dr. Sayeh's guidelines range was 37 to 46, right? That's correct. Dr. Sayeh's guidelines were lower. We don't believe that the guidelines are the proper basis for distinguishing our client from Dr. Sayeh because, as we mentioned, and as the government mentioned at the district court below, Mr. Klein was a cooperator, which meant that he drove up his own guidelines by proffering with the government and admitting to conduct that he otherwise would not have been charged with. And so if we want to place all the defendants and do an apples-to-apples comparison, Your Honor, we have to take into account that Dr. Sayeh's guidelines and Dr. Chimisero's guidelines don't include the added months and the added points that Mr. Klein has because he cooperated. So by virtue of his cooperation... So your argument is that it's sort of the inverse of an unwarranted sentencing disparity? It's the lack of a warranted sentencing disparity? Is that what you're arguing for, effectively? You know, the guidelines say we need to avoid unwarranted disparities. You're saying here there should have been a disparity or more of a disparity than there was. That's exactly right, Your Honor. And I would point the court to United States v. Wills, which I feel is a case that is essentially the mirror image of our argument. That was a case where the government argued that defendant in that case received a sentence that was too low because the court failed to take into account that that defendant was more culpable and not a cooperator like the other defendants who received lower sentences. Here we're making the same argument except in the reverse, that Mr. Klein's sentence is too high because the court failed to adequately take into account that he was a cooperator and that he was the least culpable defendant, something that the district court agreed and the government agreed and was very clear from the record below. Where do I look to see that the district court didn't appreciate that he was a cooperator? Your Honor, in the transcript below, the district court did note that he was a cooperator but did not explain why that did not warrant a lower sentence than that of the other, than Dr. Sayed in particular, who received 18 months. And so the district court did note at several points throughout the sentencing that it looked at general deterrence, that it looked at the seriousness of the conduct. But it did not explain why, when factoring in all those factors, why Mr. Klein, who was a cooperator and who was least culpable, deserved to have a higher sentence. What the district court did say... You know what's ironic, Mr. Finn? Yes. Is that I appeared in front of the district judge many years ago and begged him as a federal prosecutor not to impose a very high sentence on the cooperating witness, and I lost. So tell me, why isn't it within his discretion, even when you've got a cooperating witness who has testified and has done a lot of different things, to understanding that it's a cooperating witness to impose the sentence here that he did? Your Honor, the district court certainly has discretion and broad discretion. But as this court held... So if you agree with that, then how is this a significant issue on appeal? I agree with it, Your Honor, with this caveat, which is what this court said in the United States v. ESSO, which is that though the court affords broad discretion, it does so as long as the factors it considers are not inconsistent with those listed in 3553A and are logically applied to the defendant's circumstances. Here, where you have a cooperator who, by all accounts, is least culpable, is sentenced to more time than his more culpable defendants who did not cooperate, we believe that that, we argue that that violates the 3553A6-10 factor. I don't want to belabor this point too much, but the government makes a jurisdictional argument about the timeliness of the filing. Your Honor, there is no rule as to when a motion for bail pending appeal must be filed. The case at the court that the government cites is a case where the court stated that all that was required is that the appellant make that application before the district court, before coming before the circuit. We've done that here. We've met those requirements. And so the only question for this court are those that are listed in the statute, which are is Mr. Klein a danger to the community? Is he a fly risk? And is there a substantial question of law or fact? And again, as to those first two questions, Your Honor, there's no dispute that he is neither a fly risk or a danger to the community. And then the question is whether there's a substantial question of law or fact. And we believe that there is if the court relies on United States v. Wills and United States v. ESSO. Another case where this court said that the court must, that the district court must, if it is going to sentence one defendant who is less culpable than another to a higher sentence, must explain that sentence. And the district court did not do that adequately here. Okay. Seeing no questions from my colleagues, we'll hear from the government. Thank you very much. Thank you, Your Honor. Good morning, and may it please the Court. Nicholas Rose of the United States. I represented the government in the district court and on appeal. The motion for bail pending appeal should be denied. Judge Berman did not procedurally or substantively err when, after considering the 3553A factors, he imposed a below-guideline sentence in this case. And there is certainly no substantive issue of law or fact that would merit bail pending appeal. Start with procedural error. The defendant failed to raise this alleged error in the district court. There was no argument before the district court that the judge failed to explain the basis for a sentence. And in Bryant, this court said that there is no requirement to consider disparity with a co-defendant. And as a result, quote, there is certainly no procedural error for failing to explain it. Turning to substantive error, the sentence was substantively reasonable because it was below the guidelines. Judge Loyer in Perez-Frias said it's difficult to find a below-guideline sentence is unreasonable, and that's exactly what we have here. And here, the record indicates that the judge balanced both the seriousness of the offense. Difficult but not impossible. Difficult but not impossible. That's correct, Your Honor. Here, though, the judge balanced cooperation. That's at appendix page 99, the seriousness of the offense at appendix 106 and 134, and noted the need for general deterrence at appendix 118 and 135. And as a result, applying the 3553A factors, the judge concluded that in his discretion, the appropriate sentence was one of 22 months. And for that reason, the sentence was both procedurally and substantively reasonable, and the motion should be denied. At the time of your opposition, you noted the sort of timing issues in a variety of ways. But one thing you noted is there had not yet been an application to expedite the appeal. I don't know, because I don't know how to get on ACMS on my iPad, whether that has been done. But would the government be amenable to expediting the appeal if the defendant so moved? Well, at this point, Your Honor, I believe our – I believe the appellant's brief is in. Yeah. And the government's brief, I think, is due within the next 30 days. So I think, functionally, the briefing has been. So it would just be expediting argument on our end if we were to do that.  Okay. Thank you. Unless Your Honors have any additional questions, the government would otherwise rest on our papers. Thank you very much. Thank you. It was a decision. Thank you.